NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAR 17 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

ALEX CLARFELD, individually and on behalf of his minor child, P. M.,

Plaintiff-Appellant,

v.

DEPARTMENT OF EDUCATION, STATE OF HAWAII,

Defendant-Appellee.

No.    21-15226

D.C. No.
1:20-cv-00234-JAO-KJM

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Hawaii
Jill Otake, District Judge, Presiding

Argued and Submitted February 16, 2022
Honolulu, Hawaii

Before:  HAWKINS, R. NELSON, and FORREST, Circuit Judges.

Alex Clarfeld ("Clarfeld"), the father of P.M., a Hawaii student whose Autism

Spectrum Disorder qualifies for special education services, challenges the district

court's order affirming in part and reversing in part an Administrative Hearing

Officer's ("AHO") decision on his request for a due process hearing under the

---

[*]   This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Individuals with Disabilities Education Act ("IDEA"). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

We review the district court's findings of fact for clear error "even when they are based on the written record of administrative proceedings," and we review questions of law and mixed questions de novo. *Hood v. Encinitas Union Sch. Dist.*, 486 F.3d 1099, 1104 (9th Cir. 2007) (citation omitted). Courts "must give 'due weight' to administrative findings, particularly when the findings are 'thorough and careful.'" *Doug C. v. Hawaii Dep't of Educ.*, 720 F.3d 1038, 1042 (9th Cir. 2013) (quoting *R.B. v. Napa Valley Unified Sch. Dist.*, 496 F.3d 932, 937 (9th Cir. 2007)). In this case, the district court afforded "greater deference" to the AHO's "thorough and careful" findings, and we do the same. The burden is on Clarfeld as the challenger of the administrative decision. *Hood*, 486 F.3d at 1103.

1. The IDEA's "stay put" provision does not entitle Clarfeld to full reimbursement for P.M.'s private tuition from August to October 2019 because he had not yet filed a due process complaint. *See K.D. ex rel. C.L. v. Dep't of Educ.*, 665 F.3d 1110, 1117 (9th Cir. 2011) ("[T]he stay put provision does not apply unless and until a request for a due process hearing is filed.") (citation omitted). The authority Clarfeld cites in support of his argument is inapposite. The district court, acting within its discretion, equitably remedied the DOE's denial of a free appropriate public education ("FAPE") at the start of the 2019–2020 school year by

2

granting partial reimbursement for P.M.'s private tuition during the period when there was no individualized education plan ("IEP") in place. *See C.B. ex rel. Baquerizo v. Garden Grove Unified Sch. Dist.*, 635 F.3d 1155 (9th Cir. 2011). The "stay put" provision does not entitle Clarfeld to more.

2. The IEP team that created P.M.'s October 2019 IEP was not invalid. Clarfeld provides no support for his contention that teachers from P.M.'s new "home school" were required where there was no possibility he would rejoin the general education environment and where P.M.'s providers from the Maui Autism Center ("MAC") were part of the team. *See* 20 U.S.C. § 1414(d)(1)(B)(ii)–(iii). In Hawaii, the DOE serves as the local educational agency. *Michael P. v. Dep't of Educ.*, 656 F.3d 1057, 1067 (9th Cir. 2011) (citation omitted). Further, the representatives at P.M.'s IEP meetings had the necessary knowledge of the supports and services available at the Public Separate Facility. *See* 20 U.S.C. § 1414(d)(1)(B)(iv)(I)–(III).

3. The DOE provided sufficient Prior Written Notice of the proposed change in P.M.'s placement from MAC to the Public Separate Facility. *See id.* § 1415(b)–(c). Clarfeld was not entitled to notice before the October 2019 IEP meeting because no placement decision had been made prior to that time. Contrary to Clarfeld's argument, the DOE's discontinuation of tuition payments without an IEP in place was not a placement decision but rather a FAPE denial, which the district court equitably remedied with partial tuition reimbursement. Further, the

notice that followed the IEP meeting complied with the IDEA's requirements because it had sufficient information about the change along with a summary of the placement options discussed at the IEP meeting.

4. The DOE did not predetermine P.M.'s placement at the Public Separate Facility prior to the October 2019 IEP meeting. The record supports the finding below that the placement decision was made only after the team finalized the IEP and engaged in a long discussion that included input from Clarfeld and representatives from MAC.

5. The DOE did not block parental participation in the October 2019 IEP meeting. The record supports the finding below that the DOE "provided every opportunity for both Father and the IEP team from [MAC] to participate in [P.M.'s] IEP process."

6. Finally, Clarfeld's challenge to the ultimate decision to place P.M. at the Public Separate Facility also fails. The appropriateness of a special education placement is subject to de novo review. *Cnty. of San Diego v. Cal. Special Educ. Hearing Off.*, 93 F.3d 1458, 1466 (9th Cir. 1996) (citation omitted). The record here demonstrates that the IEP team discussed and considered the relevant factors before determining that the Public Separate Facility was an appropriate placement. *See Sacramento City Unified Sch. Dist., Bd. of Educ. v. Rachel H. ex rel. Holland*, 14 F.3d 1398, 1404 (9th Cir. 1994). All members of the team, including Clarfeld and

4

the MAC representatives, were able to provide input, ask questions, and raise concerns. While Clarfeld understandably disagrees with the decision to transition P.M. to a new educational environment, the placement does not violate the IDEA.

**AFFIRMED.**